IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDON RAY BURGWIN, HT-7463, )
    Petitioner, )
     )
    v. ) 2: 14-cv-553
     )
LOUIS S. FOLINO, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Brandon Ray Burgwin an inmate at the State Correctional Institution – Waynesburg has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Burgwin is presently serving a twenty to forty year sentence imposed following his conviction by a jury of attempted homicide, aggravated assault and carrying a firearm without a license. The original sentence was imposed on October 6, 2008.

    An appeal to the Superior Court was pursued in which the issues presented were:

1. Were Appellant's state and federal due process rights violated when he was convicted of Unlicensed Concealed Firearms Possession … absent evidence establishing, beyond a reasonable doubt, (A) that he shot the victim with a firearm that had been concealed on or about his person, and (B) that the firearm's length was such that it constituted a qualifying firearm …?

2. Did the trial court act within its authority when, after the Notice of Appeal was filed in the instant case, it reduced Appellant's sentence for Unlicensed Concealed Firearms Possession from 5-to-10 years of confinement to 3½ -to-7 years of imprisonment – and, if it instead lacked such authority, must not the original 5-to-10 year sentence be vacated owing to its illegality?[1]

---

[1] See: Appendix 3 at p.3.

On May 11, 2010, the Superior Court affirmed his conviction of attempted homicide and aggravated assault but reversed the firearms conviction.[2] Resentencing occurred on September 21, 2010.[3]

On November 24, 2010, Burgwin filed a post-conviction petition. The latter was dismissed on February 15, 2012, and an appeal was filed in which the issues were:

    I.      Whether prior counsel was ineffective, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

    II.     Whether there was a violation of the Constitution of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt [or] innocence could have taken place.

    III.    Whether the trial court erred in dismissing appellant's PCRA petition without a hearing.[4]

On July 1, 2013, the denial of post–conviction relief was affirmed[5] and leave to appeal was denied by the Pennsylvania Supreme Court on January 16, 2014.[6]

In the instant petition executed on April 22, 2014 and amended on July 30, 2014, petitioner raises five claims for relief:

1. Unrightful incarceration with false imprisonment based on the victim's initial refusal to identify her assailant and her testimony that she heard five shots when only four fragments were located.

2. Insufficient evidence of criminal attempt-homicide in that evidence was based on hearsay.

3. Imposition of an illegal and excessive/impermissible sentence for criminal attempt- homicide.

4. Prosecutorial misconduct by introducing perjured hearsay testimony.

---

[2] See: Appendix 3.
[3] The petitioner was originally sentenced to twenty to forty years for attempted homicide and a consecutive five to ten year term for a firearms violation. On appeal, the latter portion of the conviction was reversed and he was resentenced on September 21, 2010 to twenty to forty years on the attempted homicide charge only.
[4] See: Appendix 7 at p.5.
[5] See: Appendix 8.
[6] See: Appendix 5 at p.3.

5. Ineffective assistance of counsel for failing to consult with petitioner as to whether he objected to a juror who at some time worked with petitioner's mother and the coroner.

The factual background to this prosecution is set forth in the Superior Court's Memorandum of July 1, 2013 setting forth the trial court's opinion:

> The defendant, [Burgwin], was found guilty in a jury trial of criminal attempt homicide, aggravated assault, and carrying a firearm without a license. On October 6, 2008, [Burgwin] was sentenced to 20 to 40 years on the charge of attempt to commit murder, and 5 to 10 years consecutive for carrying a firearm without a license.
>
> At trial, the Commonwealth presented evidence through the victim, her mother, and sister. Additionally various investigating officers, physician, telephone company representative, and members of the Allegheny County Medical Examiner's office testified. [Burgwin] testified on his own behalf. The incident in question occurred on July 22, 2007, shortly after midnight in the Wilkinsburg section of Allegheny County, [wherein] a 20-year-old victim was shot multiple times. The victim testified that on the evening in question, she had made arrangements to travel from her home in Penn Hills to Wilkinsburg by bus to meet [Burgwin] at a location she believed to be his residence. The victim additionally testified that while she, [Burgwin], and his cousin were walking to a store [Burgwin] just turned around and shot her in the chest. While the victim was on the ground after the initial shot, [Burgwin] proceeded to additionally shoot her multiple times in the head and arms. The victim was able to telephone her mother who summoned aid, which arrived a few minutes later. The Wilkinsburg police responded along with paramedics. The Allegheny County police homicide unit was requested to assist in the investigation. The victim initially did not disclose the identity of the shooter. Eventually, at the hospital she revealed that [Burgwin] was the shooter. The prosecution presented evidence through testimony of the victim's stepsister to corroborate that [Burgwin] had called the victim to meet her that evening. Additional corroborative testimony was submitted from a telephone company representative.
>
> Detective Lawrence Carpico of the Allegheny County Policed Homicide unit, testified that no shell casings were recovered at the scene, indicating that the firearm used could possibly have been a revolver. Detective Carpico testified that he interviewed the victim who identified [Burgwin] as the perpetrator. Detective Kenneth Ruckel, also of the Allegheny County Police Homicide, testified that four copper jacket fragments were also recovered and no shell casings, leading him to believe that a revolver was used. A scientist from the Allegheny County Medical Examiner's office firearms section testified that based upon the examination of the bullet fragments, his opinion is that they were .32 caliber bullets and based on their condition, indicated to him that they were discharged from a revolver.

3

> [Burgwin] testified that he did not see the victim on the day in question. He additionally testified that he did not shoot her, and that he did not have a gun on the date of this incident.[7]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this

---
[7] See: Appendix 8.

> Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010). This is a very difficult burden to meet. Harrington v. Richter, 131 S.Ct. 770 (2011).

With the exception of the petitioner's fifth argument, the issues which he seeks here have not been presented to the appellate courts of the Commonwealth, can no longer be so presented and for this reason are procedurally defaulted. In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has failed to exhaust the available state court remedies on these issues and for this reason they are subject to a procedural dismissal here. However, 28 U.S.C. § 2254(b)(2) permits a denial on the merits even where the issue has not been properly exhausted in the state courts. Accordingly, we will do so here. Additionally, petitioner's fifth issue is properly before this Court for disposition.

Burgwin's first issue is that he was improperly convicted as a result of the victim's initial fear in identifying her assailant. (TT.135-136, 152 ,155 ). While the jurors heard this testimony, they also heard the victim testify that she was with the petitioner when "he turned around and shot me a couple of times…"(TT.128) and that she subsequently identified her assailant as the petitioner (TT.141,157-158). Petitioner now argues that because of the victim's initial hesitancy and her subsequent positive identification his conviction was improperly secured.

First we observe that unless a due process violation has occurred, as a state evidentiary matter, the conflict in the evidence is not subject to review here. Keeler v. Larkins, 251 F.3d 408 (3d Cir.) cert. denied 534 U.S. 973 (2001). In addition, any conclusion to be drawn from the evidence is for the jury not the court. Cavazos v. Smith, 132 S.Ct. 2 (2011). Finally, we also observed that the victim clearly alleged fear as the initial basis for her hesitating to name her assailant. Thus, petitioner's first claim is without merit.

Burgwin next claims he is entitled to relief due to insufficiency of the evidence. When called upon to review such a claim, the issue before the court is whether any rational fact-finder could have determined guilt beyond a reasonable doubt. Coleman v. Johnson, 132 S.Ct. 2060 (2012).

Petitioner was convicted of attempted homicide. Pennsylvania defines first degree murder as "a criminal homicide … when it is committed by an intentional killing." 18. Pa.C.S.A. §2501(a). While an attempt is defined as "with intent to commit a specific crime, [a person] does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. §901(a). See: Com. v. Geathers, 847 A.2d 730, 734 (Pa.Super. 2004)("an attempt to commit second or third degree murder would seem to require proof that a defendant intended to perpetrate an unintentional killing – which is logically impossible" [i.e. attempted homicide is applicable to first degree murder].

Clearly, the factual recitation set forth above would more than justify a rational factfinder of determining guilt beyond a reasonable doubt. For this reason, this claim likewise does not provide a basis for relief.

Petitioner's third issue is that the imposed sentence was excessive or impermissible. A claim of this type may only be addressed where the penalty exceeds the statutory maximum. Bozza v. United States, 330 U.S. 160, 166 (1947). In the instant case, Pennsylvania classifies attempted first degree murder as a felony of the first degree for which the penalty is a maximum of forty years imprisonment. 18 Pa.C.S.A. § 1102(c). Thus, as a matter of state law, and because the penalty did not exceed the state maximum, this issue does not provide a basis for relief. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Petitioner's fourth argument is that prosecutorial misconduct occurred as the result of the introduction of hearsay testimony. This issue was likewise procedurally defaulted in the state courts and for this reason need not be considered here. However, because the issue is likewise meritless, we examine it.

While it is not readily apparent from the petition what Burgwin's specific allegations are, the Superior Court in reviewing the denial of post-conviction relief wrote:

> Burgwin contends that trial counsel was ineffective for failing to object to the introduction of hearsay on multiple occasions at trial. With respect to this issue, we are constrained to agree with the Commonwealth that the issue has been

6

> waived on appeal based upon Burgwin's failure to develop any argument or cite to relevant authorities…
>
> In his appellate brief, Burgwin does not cite to any specific instance in the trial transcript where trial counsel failed to object to a hearsay statement. Instead, he merely cites to more than 30 pages of the transcript covering testimony from five Commonwealth witnesses, without any attempt to identify what particular questions and/or answers trial counsel should have objected to on hearsay grounds…

Thus, it becomes apparent that petitioner's argument is grounded in state evidentiary matters, and as such is not subject to review here. Keller v. Larkins, 251 F.3d 408 (3d Cir.) cert. denied 534 U.S. 973 (2001).

Finally, petitioner's fifth argument, raised in his amendment to the petition is the only matter properly before this Court. He alleges that counsel was ineffective for failing to consult with him on whether a juror should be removed from the panel.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

This matter was before the Superior Court on Burgwin's appeal from the denial of post-conviction relief. There the Court wrote:

After trial began, Burgwin's counsel brought to the trial court's attention that a witness, who had not been on the witness list presented to the jury, had recognized one of the jurors N.T., 8/18/2008, at 108. In chambers, the juror indicated that she could "connect the face" of the witness to someone with whom she had worked approximately six years ago. Id. at 109. The juror indicated that there had not been any contact between her and the witness over the past six years. Id. In response to questions by the trial court, the juror indicated that the witness' appearance would not affect her in any manner beyond the testimony given, and that she would be able to base her verdict solely on the testimony and the law received during the trial. Id. at 109-110.

The test for determining whether a juror should be disqualified is whether she is willing and able to render a verdict according to the evidence, or whether the juror has such a close relationship, familial, financial, or situational, with the parties, counsel, victims, or witnesses that the trial court will presume a likelihood of prejudice… The decision on whether to disqualify is within the discretion of the trial court and will not be reversed in the absence of a palpable abuse of discretion…[8] (internal citations omitted).

Specifically, upon learning that the witness recognized a member of the jury panel, an in chambers conference was conducted in which the following occurred:

> Juror: I remember her [the witness]. About six years ago I worked at LifeCare. I connect the fact. I don't know whether she recognized me or not…
>
> Defense counsel: She did recognize you. We wanted to bring you in here to make sure it was just in passing that you recognized her or if in any way that would affect your ability to be a fair and impartial juror here today?
>
> Juror: As I said, I worked with her about five or six years ago. Other than that, I don't have any contact.
>
> Court: Would you then be able to base any verdict solely on the testimony and the law as you will hear it during the trial?
>
> Juror: Sure.
>
> Court: Her testimony will not affect – or her appearance would not affect you beyond any testimony that she may have given?
>
> Juror: No.

(TT.8/18/08 pp.109-110) and the juror was permitted to remain on the panel.

---

[8] See: Id. at pp. 6-7.

A challenge to a prospective juror for bias is a factual finding subject to the presumption of correctness, and the test for juror exclusion is whether any potential bias would impair the juror's performance. Wainwright v. Witt, 469 U.S. 412 (1985); 28 U.S.C. § 2254 (e)(1). Since no such showing is made here, counsel cannot be deemed to have been ineffective. See: Real v. Shannon, 600 F.3d 302 (3d Cir. 2010).

Thus, because there is nothing in the record which demonstrates that petitioner's conviction was secured in any manner contrary to the laws of the United States as determined by the Supreme Court, nor involved an unreasonable interpretation of its decisions, he is not entitled to relief here.

Accordingly, the petition of Brandon Ray Burgwin for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 21st day of August, 2014, for the reasons set forth in the foregoing Memorandum, the petition of Brandon Ray Burgwin for a writ of habeas corpus is DISMISSED, and because reasonable jurists could not contend that a basis for appeal exists, a certificate of appealability is DENIED.

                                                        s/Robert C. Mitchell
                                                        ROBERT C. MITCHELL
                                                        United States Magistrate Judge